United States District Court
Southern District of Texas
**ENTERED**
April 26, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE MAURICIO GARZA-VILLANUEVA, PETITIONER | § § § § | |
| v. | § § | Civil Action No. 1:19-cv-065 |
| KEVIN MCALEENAN ET AL., RESPONDENTS | § § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Jose Mauricio Garza-Villanueva's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (hereinafter, Garza-Villanueva's "Petition"). Dkt. No. 1. For the reasons provided below, it is recommended that the Court summarily **DENY** Garza-Villanueva's request for attorney's fees and costs and **DISMISS** his Petition as moot.

### I. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 2241.

### II. Statement of the Case

Garza-Villanueva filed his Petition on April 22, 2019. Dkt. No. 1. At that time, he was a federal pretrial detainee awaiting trial in *United States v. Garza-Villanueva*,

Case No. 1:16-cr-449-1.[1] The complaint in his criminal case alleged that he was an alien who had reentered the country illegally, in violation of 8 U.S.C. § 1326(a)(1)(b)(1). CR Dkt. No. 1 at 1. Although he has since been released (*see* CR Dkt. No. 55), Garza-Villanueva's Petition took issue with his pretrial detention, claiming that it violated his constitutional rights to due process and equal protection. Dkt. No. 1 at 6-11. In addition to seeking his release, Garza-Villanueva's Petition asked that he be awarded his attorney's fees, court costs, and any other relief deemed appropriate by the Court. *Id.* at 11.

Until yesterday, the final pretrial conference in his criminal case was set for May 28, 2019. CR Minute Entry dated April 2, 2019. However, yesterday afternoon, the Government filed a Motion to Dismiss Indictment "for the reason that [Garza-Villanueva] is a citizen of the United States." CR Dkt. No. 54. The Court granted the Government's Motion and closed Garza-Villanueva's criminal case. Dkt. No. 55. Garza-Villanueva has been released from custody and is no longer in pretrial detention.

### III. Discussion

**A. Garza-Villanueva's Requests for Relief**. Garza-Villanueva's Petition primarily sought his immediate release. Dkt. No. 1 at 5, 11. This request is now moot as his criminal case has been dismissed and he is no longer in pretrial detention.

---

[1] Hereinafter, Garza-Villanueva's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their criminal docket number, or minute entry. Garza-Villanueva was represented by Valerie Marie Martinez-Garcia in his criminal case. CR Dkt. No. 24. He is represented by Raed Gonzalez in this civil action.

*See* CR Dkt. No. 55. His Petition also seeks his attorney's fees and court costs. *Id*. As detailed below, a review of Garza-Villanueva's Petition and supporting submissions makes it clear that the Court should summarily deny Garza-Villanueva's request for attorney's fees and costs.

**B. Summary Dismissal**. Rule 4 of the Rules Governing Section 2254 Cases requires a district court to summarily dismiss a habeas petition without first requiring a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4's summary dismissal procedure applies to § 2241 petitions pursuant to Rule 1(b) of the Habeas Rules Governing Section 2254 Cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). *See also Poff v. Smith*, No. 4:18-CV-00759, 2018 WL 2746579, at *1 (S.D. Tex. May 11, 2018) (citing Rule 1(b) and *Boutwell v. Keating*, 399 F.3d 1203, 1211, n.2 (10th Cir. 2005) for the proposition that the Rule 4 summary dismissal procedure applies to § 2241 petitions), *report and recommendation adopted*, No. 4:18-CV-759, 2018 WL 2725458 (S.D. Tex. June 5, 2018); *Rodriguez v. Rabner*, No. CV 18-4431 (JLL), 2018 WL 2059551, at *1 (D.N.J. May 3, 2018) (noting the Rule 4 summary dismissal procedure is "applicable to § 2241 through Rule 1(b)"); *Winkelman v. Longley*, No. CIV.A. 11-240E, 2011 WL 5859414, at *1 (W.D. Pa. Nov. 3, 2011) ("Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under

§ 2241[ .]"), *report and recommendation adopted*, No. 1:11-CV-240-SJM-MPK, 2011 WL 5864086 (W.D. Pa. Nov. 22, 2011), *aff'd*, 462 F. App'x 181 (3d Cir. 2012) (citations and quotations omitted).  Thus, if it is clear from the face of Garza-Villanueva's Petition and accompanying exhibits that he is not entitled to relief, this Court may summarily dismiss his petition.  *See id*.  *See also Dietz v. Bouldin*, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016) (noting that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.") (collecting cases).

**C.  Garza-Villanueva's Misuse of 28 U.S.C. § 2241.**  Pursuant to 28 U.S.C. § 2241(c)(3), a district court has the authority to entertain a petition for a writ of habeas corpus filed by a petitioner claiming to be "'in custody in violation of the Constitution or laws or treaties of the United States.'"  *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018) (quoting 28 U.S.C. § 2241(c)(3)).  Still, a district court should not exercise its habeas powers unreservedly.  *Id.* (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  In *Reese v. Warden Philadelphia FDC*, the Court of Appeals for the Third Circuit recently held, as a matter of first impression, that a federal pretrial detainee's request for release could "only be considered under the Bail Reform Act and not under a § 2241 petition for habeas relief."  *Id.* at 245.  The *Reese* Court explained that, absent special circumstances, federal pretrial detainees should not file civil § 2241 actions to challenge their detention because other remedies are available to them from "within" their criminal cases.  *Id.* at 246.

> Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial.

> Instead, Courts have long stressed that defendants should pursue the remedies available within the criminal action. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391, 38 S.Ct. 166, 62 L.Ed. 358 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551, 26 S.Ct. 147, 50 L.Ed. 303 (1905) (vacating order granting habeas relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal); *see also Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").

*Id*.

In reaching its holding, the *Reese* Court stated that it had "join[ed]" the Fifth Circuit and the Seventh Circuit, "the two other Circuits to have addressed this issue[.]" *Reese*, 904 F.3d 244, 245 (citing *Fassler v. United States*, 858 F.2d 1016, 1017-19 (5th Cir. 1988) (per curiam); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987)). In *Fassler v. United States,* the Fifth Circuit affirmed the district court's denial of Lawrence Allen Fassler's § 2241 petition, while providing some "cautionary notes to courts and detainees alike concerning their responsibilities under the Bail Reform Act." *Fassler v. United States*, 858 F.2d 1016, 1017.

The magistrate judge in Fassler's underlying criminal case had found grounds to order Fassler's detention pending trial. *Fassler*, 858 F.2d 1016, 1017. As was his right under § 3145 of the Bail Reform Act,[2] Fassler appealed the detention order. *Id*. The district judge affirmed. *Id*. Fassler could have appealed the district court's

---

[2] *See* Pub. L. No. 98-473, tit. 2, ch. 1, 98 Stat. 1976 (codified as amended at 18 U.S.C. §§ 3141-3150 (2012)).

decision to the Fifth Circuit under § 3145, but he did not. Instead, Fassler filed a motion for a writ of habeas corpus, which the district court construed as a § 2241 petition. *Id*. The district court found that Fassler's petition was mooted by his subsequent conviction and detention under 18 U.S.C. § 3143. *Id*. The court additionally found that Fassler's petition was subject to dismissal on the merits, noting that "most of his complaints had been resolved in the court's prior de novo review of the pretrial detention order." *Id*. Fassler appealed.

The Fifth Circuit affirmed the district court's holdings, but in doing so it also indicated that Fassler had not elected an "appropriate" method to challenge his pretrial detention. *Fassler*, 858 F.2d 1016, 1017.

> For whatever reason, Fassler bypassed the expedited appeal procedure noted by the Supreme Court as an essential safeguard provided by the Bail Reform Act. 18 U.S.C. § 3145; *United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Section 3145 provides that appeals to the district court and court of appeals from pretrial detention orders shall be determined promptly. In this case Fassler was tried expeditiously and it might have been difficult to secure prompt appellate review within the terms of the statute. Acting cautiously, we decline to hold that § 3145 provides the exclusive means by which a person under indictment can challenge his pretrial detention. Nevertheless, the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals, as demonstrated below, should ordinarily provide strong incentive for defendants to employ Section 3145 appeals. . . .
>
> *****
>
> The government has asked us to hold that Fassler has abused the writ of habeas corpus by obtaining two bites at the apple to challenge his conviction and pretrial detention order. We decline to do so, because his approach was novel and not wholly without merit. Similar indulgences will not be afforded criminal appellants in the future. Fassler's maneuver in most cases that we can conceive will result in duplication of effort by the courts and government with no obvious benefit to be

> gained by the defendant. The moral of this opinion should be clear: defendants have the responsibility to appeal pretrial detention orders promptly, and we, the courts, have an equal responsibility to adjudicate them promptly.

*Id.* at 1017–19 (footnote omitted). *See also Poff v. Smith*, 2018 WL 2746579, at *2 (pretrial detention orders should be challenged pursuant to 18 U.S.C. § 3145, rather than 28 U.S.C. § 2241); *Tisdale v. United States*, No. 3:09-CR-0247-P(2), 2011 WL 7046024, at *1–2 (N.D. Tex. Dec. 12, 2011) (same), *report and recommendation adopted*, No. 3:09-CR-0247-P(2), 2012 WL 124968 (N.D. Tex. Jan. 17, 2012).

The Fifth Circuit's cautionary notes in *Fassler* are instructive. At Garza-Villanueva's initial appearance, the undersigned determined that Garza-Villanueva could be released upon the payment of a $25,000.00 cash bond. CR Minute Entry dated April 25, 2016. Garza-Villanueva did not pay the bond or seek to amend the conditions of his release, as he was entitled to do under 18 U.S.C. § 3145(a)(2). *See* 18 U.S.C. § 3145(a)(2) (providing that a pretrial detainee may file "a motion for amendment of the conditions of release" with "the court having original jurisdiction over the offense"). Had Garza-Villanueva filed a motion for an amendment of his release terms, and been denied, he could have appealed that decision and had his appeal "determined promptly." *See id.* at § 3145(c). Garza-Villanueva's Petition does not explain why he failed to utilize the procedures available to him under 18 U.S.C. § 3145.

Perhaps more critically, because his request for pretrial release was based on his ultimate defense to the crime charged, Garza-Villanueva's Petition sought

findings in this civil action that were more properly made in his criminal case.[3] Further, although Garza-Villanueva complains of his "prolonged" pretrial detention (Dkt. No. 1 at 8-9), he caused the delayed resolution of his criminal case by waiving his right to a speedy trial and successfully seeking continuances on at least 15 separate occasions. *See, e.g.,* CR Dkt. Nos. 10, 14, 15, 17, 19, 22, 28, 30, 33, 35, 37, 39, 42, 46, 49, and Minute entries dated March 5, 2019 and April 2, 2019.

Garza-Villanueva's attempt to obtain relief civilly, without first attempting to obtain that same relief in his criminal case, is at best a waste of resources, and at worst an ill-advised avoidance of the remedies available under 18 U.S.C. § 3145. His request for attorney's fees and costs should be denied, and his request for release should be dismissed as moot.

## IV. Recommendation

For the foregoing reasons, it is recommended that the Court summarily **DENY** Garza-Villanueva's request for attorney's fees and costs and **DISMISS** his Petition (Dkt. No. 1) as moot.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds

---

[3] Garza-Villanueva's Petition states that his pretrial detention was unlawful because, as a United States Citizen, he was not guilty of illegal reentry. Dkt. No. 1 at 7.

of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    Signed on this 26th day of April, 2019.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**